989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jack L. ROBINSON, Appellant,
v.
Ilse ENG, a/k/a Ilse B. Robinson, a/k/a Ilse B. Zeldon;
Elizabeth Angle; New York Committee on Professional
Standards Third Judicial Department; Robert W. Kahn, Inc.;
Schenectady County Family Court; Dennis Englert; Town of
Glenville, New York; Santa Clara County, California;
Raymond DeMatteo; David Perlman; Thomas Dawson; William
Hilton; State of California; York County, Nebraska;
Duncan Eng; Schenectady District Attorney's Office, Appellees.
 No. 92-3948EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 11, 1993.
Filed: March 2, 1993.
 
 Appeal from the United States District Court for the District of Nebraska.
 D.Neb.
 DISMISSED.
 Before LOKEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant is a non-custodial parent. He and his ex-wife have litigated the issue of his daughter's custody in numerous proceedings in several jurisdictions. In this action filed pursuant to 42 U.S.C. § 1983, appellant sued his ex-wife, her lawyers, the professional review committees of the various state bar association which supervise the lawyers employed by appellant's ex-wife, the cities, counties, and states where the custody litigation occurred, the courts which awarded custody to appellant's ex-wife, and the district attorneys who hold office in some of the jurisdictions where the custody litigation occurred. Appellant claimed that all of the defendants were responsible for his loss of custody rights. Appellant's complaint failed to state a claim upon which relief could be granted. We therefore dismiss his appeal.
 
 
 2
 Parents do not have an absolute unabridgeable constitutional right to the custody of their children. Ruffalo v. Civiletti, 702 F.2d 710 (8th Cir. 1983). Generally, disputes over the custody of children are not subject to federal jurisdiction. Ankenbrandt v. Richards, 112 S.Ct. 2206 (1992). In order to state a claim under § 1983, appellant was required to plead facts showing that persons acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42, 48 (1988). Appellant's claim that his ex-wife, her lawyers, and the bar association review committees caused him to lose the custody cases was insufficient to show that these defendants were state actors who deprived him of a constitutionally protected right. Appellant's claim that the other defendants were ultimately responsible for adverse court rulings was also insufficient to state a § 1983 claim. Liability under § 1983 cannot be premised solely on a respondeat superior theory. Williams v. Mensey, 785 F.2d 631, 634-35 (8th Cir. 1986). Additionally, the state defendants are not liable under § 1983. Will v. Michigan, 491 U.S. 58 (1989).
 
 
 3
 Appellant's complaint completely failed to state any constitutional violation and was therefore subject to dismissal under Fed.R.Civ.P. 12(b)(6). Accordingly, we dismiss his appeal.